| | | |
|---|---|---|
| SUSAN YORK | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| CBS CORPORATION, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

This cause comes before the Court upon Plaintiff Susan York's motion for summary judgment (DE-14) and Defendant CBS Corporation's cross-motion for summary judgment. (DE-19). Each side having responded and replied, the motions for summary judgment are ripe for adjudication. Also before the Court is Defendant's motion to seal certain exhibits. (DE-18). Pursuant to 28 U.S.C. § 636(b)(1), these matters have been referred to the undersigned for report and recommendation. For the reasons stated herein, the undersigned RECOMMENDS that the Court DENY Plaintiff's motion for summary judgment (DE-14), and GRANT Defendant's motions for summary judgment and to seal (DE-18, DE-19).

I.    **BACKGROUND**

Plaintiff filed this pro se action November 20, 2012 to recover disability retirement benefits under her former employer's pension plan in accordance with the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. Compl., DE-1. Plaintiff worked for Knoll International, Inc. ("Knoll") from January 26, 1970 until March 17, 1990, when she

became disabled from her employment at age forty-three.[1]  Compl., Ex. 2, May 17, 1999 Order 1-2, DE-1-2.  In 1980, Knoll began issuing its employees an annual "personal statement of benefits" entitled "Highlights of Your Employee Benefits At Knoll International, Inc."  Knoll Benefits Statement, Jan. 1, 1980, Ex. 6 to Ray Hägg Decl. ¶ 8, Def.'s Mem. Opp'n Mot. Summ. J., Ex. 4 [hereinafter, "Hägg Decl."], DE-17-4 (informing employees that, "To help you understand these benefits, we are, with this report, beginning a new service to our employees . . . . called **Your Personal Annual Benefits** Report.").  These annual personal benefit statements briefly summarized the individual health care, disability, and survivor benefits applicable to Plaintiff as a Knoll employee.  *See id.*; 1986-1987 Knoll Personal Statement of Benefits, Exs. 3-4, DE-1-3, DE-1-4.  Regarding disability benefits, the personal statements of benefits issued until 1987 included the following statement:

> While disabled, you may (if you had 10 years of service) **continue to earn credits under the Retirement Plan**, so that as early as age 45 you would receive **an unreduced Company pension**.

Ex. 3, DE-1-3.  The personal statements of benefits issued from 1980 until 1983 were entitled "Highlights of Your Employee Benefits At Knoll International, Inc."  1980-1983 Knoll Highlights of Benefits, Ex. 6 to Hägg Decl. ¶ 8, DE-17-4.  After 1983, the personal statements of benefits were entitled "Your Personal Statement of Benefits" and provided:

> Of course, the actual documents which make up your benefit plans are **legal and complex** and a report such as this can only present **the highlights of your program**.  In the case of any conflict or omission, **the formal plan texts must prevail**; so for specific details, you should consult them--they are available for inspection in the Personnel Department, and are summarized in the various plan booklets which you have been given.

---

[1] While employed at Knoll, Plaintiff's name was Susan Miller.

1984 Knoll Benefit Statement, Ex. 6 to Hägg Decl. ¶ 8, DE-17-4. The relevant formal plan, the Knoll International, Inc. Pension Plan for Salaried Employees ("the Pension Plan"), dated August 29, 1985, addressed disability pension benefits in pertinent part as follows:

> A Participant who has attained his 45th birthday and has completed 10 years of Service and incurs a Total and Permanent Disability while an Employee shall be entitled to retire at a Disability Retirement Date (which shall be the first day of any month prior to his Normal Retirement Date) and shall be entitled to a retirement income as determined in accordance with Section 5 (Pension Benefit).

Knoll International, Inc. Pension Plan for Salaried Employees ¶ 4.3, Ex. 1 to Hägg Decl. ¶ 3, DE-17-4. An employee handbook describing the Pension Plan, dated October 1979, similarly informed employees that "your Plan includes a disability feature which makes retirement benefits available to employees who become totally disabled after having reached age 45 and after completing 10 years of service." Summary Plan Description, Knoll Pension Plan 5, Ex. 13 to Hägg Decl. ¶ 15, DE-17-5.

In January of 1992, two years after she became disabled and ended her employment at Knoll, Plaintiff turned forty-five and petitioned Knoll to commence payment of a disability pension in accordance with the terms of the Knoll Pension Plan, based on her twenty years of service. By letter dated February 26, 1993, Richard Cooper, Director of Human Resources at Knoll, informed Plaintiff that she was not eligible for a disability pension. Letter, Feb. 26, 1993, Ex. 4, Pl.'s Mot. Summ. J., DE-14-1. Mr. Cooper sent Plaintiff another letter on November 17, 1993 with an enclosed memorandum concluding that, after conducting an administrative review of her benefits, Plaintiff did "not qualify for a disability pension benefit under the former Knoll International Pension Plan for Salaried Employees because she had not attained the age of 45 at the time of her employment was terminated." Geisler Memo, Ex. 5 at 2, Pl.'s Mot. Summ. J., DE-14-2. The November 17, 1993 letter also advised Plaintiff that she had "the legally-protected

3

right to formally appeal for reconsideration" of the denial of benefits. *Id.* at 1. Plaintiff did not pursue a formal appeal.

From 1994 until 2000, Plaintiff was involved in a series of legal disputes filed in this Court and at the Bankruptcy Court of the Eastern District of North Carolina over her entitlement to benefits under Knoll's long-term disability insurance plan. *See* <u>Knoll International, et al v. Miller</u>, No. 5:94-CV-312-BO, E.D.N.C.; <u>York v. Continental Casualty Comp.</u>, 205 B.R. 759 (E.D.N.C. 1997). Plaintiff proceeded pro se on some matters and was represented by counsel on others. On February 16, 2000, Plaintiff agreed, through counsel, to dismiss with prejudice all of her claims against Knoll regarding the long-term disability insurance benefits. *See* Stipulation of Dismissal, No. 5:94-CV-312-BO2, Feb. 16, 2000, DE-58.

After a series of corporate transactions over the ensuing years, the Knoll Pension Plan eventually merged with a pension plan sponsored and administered by Defendant CBS. In January of 2008, Plaintiff sent a letter to Defendant requesting payment of the Knoll disability pension benefit, retroactive to February 1993, the month following her forty-fifth birthday. Letter, January 8, 2008, Ex. 3 to Hägg Decl. ¶ 5, DE-17-4. After conducting an administrative review of the relevant documents, Defendant issued a formal denial of Plaintiff's claim for a disability pension on August 7, 2008. Letter, August 7, 2008, Ex. 8, Hägg Decl. ¶ 10, DE-17-5. Plaintiff appealed the denial to the Retirement Committee of CBS, which notified Plaintiff by letter dated December 31, 2008 of its decision to deny her appeal. Letter, December 31, 2008, Ex. 10 to Hägg Decl. ¶ 12, DE-17-5. The Retirement Committee of CBS concluded that because Plaintiff was not yet forty-five years old when she became disabled and left her employment at Knoll, she did not qualify for the disability retirement pension benefit under the terms of the Knoll Pension Plan. Moreover, the Retirement Committee determined that Plaintiff's claim was

4

untimely, because Knoll notified her in 1993 that she did not qualify for benefits. The December 31, 2008 letter "represent[ed] the final determination of the Committee under ERISA and the regulations promulgated pursuant thereto" and informed Plaintiff that she had "the right to bring a civil action under Section 502(a) of ERISA if you wish to challenge the Committee's determination." *Id.* at 9-10.

After the Retirement Committee's final determination on December 31, 2008, Plaintiff continued to correspond with Defendant and several of its employees, requesting further review of the denial of her claim for disability retirement benefits. Defendant responded with letters reiterating the Retirement Committee's final determination. *See, e.g.*, Letter, June 5, 2009, Ex. 15 to Hägg Decl. ¶ 17, DE-17-5; Letter, March 27, 2009, Ex. 12 to Hägg Decl. ¶ 14, DE-17-5.

On August 17, 2009, Plaintiff filed an application in this Court to proceed *in forma pauperis* with a civil action against the Knoll Pension Plan. Ex. D, Def.'s Mem. Opp'n Mot. Summ. J., DE-17-2. The Court denied the application on the basis that payment of court costs would not deprive her of the necessities of life. Ex. E, Def.'s Mem. Opp'n Mot. Summ. J., DE-17-2. On November 20, 2012, Plaintiff filed a second motion to proceed *in forma pauperis* with respect to the instant complaint, which was granted. Plaintiff now seeks summary judgment on her claim to disability retirement benefits under the Knoll Pension Plan. (DE-14). Defendant requests summary judgment in its favor. (DE-19).

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). When making the summary judgment

determination, the facts and all reasonable inferences must be viewed in a light most favorable to the non-moving party. *See* Anderson, 477 U.S. at 255. To withstand a motion for summary judgment, the non-moving party may not rest on the allegations, Anderson, 477 U.S. at 248, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation omitted & emphasis removed); *see also* Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. Because Plaintiff is proceeding pro se, the Court should construe her claims liberally. United States v. Wilson, 699 F.3d 789, 797 (4th Cir. 2012). Nevertheless, the Court must be cautious not to transform the special care with which it views pro se filings into advocacy on Plaintiff's behalf. *Id.*

### B. ERISA

ERISA imposes a number of substantive rules and regulations relating to employee pension benefit plans. Section 102 of ERISA sets forth the requirements for a "summary plan description" ("SPD"), which must be furnished to participants of any employee benefit plan. ERISA § 102, 29 U.S.C. § 1022. The contents of an SPD are defined under ERISA and in regulations promulgated by the Department of Labor. *See* ERISA § 102(b), 29 U.S.C. § 1022(b); 29 C.F.R. 2520.102-3. Under Section 102(b) of ERISA, an SPD must contain, for example, the following information:

> The name and type of administration of the plan; . . . the name and address of the person designated as agent for the service of legal process, if such person is not

6

> the administrator; the name and address of the administrator; names, titles and addresses of any trustee or trustees (if they are persons different from the administrator); . . . the plan's requirements respecting eligibility for participation and benefits; a description of the provisions providing for nonforfeitable pension benefits; circumstances which may result in disqualification, ineligibility, or denial or loss of benefits; the source of financing of the plan and the identity of any organization through which benefits are provided; . . . [and] the remedies available under the plan for the redress of claims which are denied in whole or in part.

ERISA § 102(b), 29 U.S.C. § 1022(b). Regulations promulgated by the U.S. Department of Labor set forth additional information that an SPD must contain. *See* 29 C.F.R. 2520.102-3.

An ERISA cause of action accrues once a claim of benefits is made and formally denied. White v. Sun Life Assurance Co. of Can., 488 F.3d 240, 246 (4th Cir. 2007). Because ERISA contains no statute of limitations, "courts borrow the state law limitations period for breach of contract, which most closely resembles an ERISA claim." Christian v. Vought Aircraft Indus., No. 5:09-CV-186-FL, 2010 U.S. Dist. LEXIS 110148, at *24 (E.D.N.C. Oct. 15, 2010) (citing Dameron v. Sinai Hosp. of Balt., Inc., 815 F.2d 975, 981 (4th Cir. 1987)). The limitations period for a breach of contract action in North Carolina is three years. *See* N.C. Gen. Stat. § 1-52(1). This three-year "statute of limitations begins to run at the moment when the plaintiff may seek judicial review, because ERISA plaintiffs must generally exhaust administrative remedies before seeking judicial relief." White, 488 F.3d at 246; *see also* Christian, 2010 U.S. Dist. LEXIS 110148, at *25 (applying three-year statute of limitations to ERISA action).

### III. DISCUSSION

#### A. Plaintiff's Claim is Untimely

Here, Plaintiff's ERISA claim for disability retirement benefits under the Knoll Pension Plan accrued on November 17, 1993, when Knoll issued its formal denial after conducting an administrative review of Plaintiff's claim. White, 488 F.3d at 246. Plaintiff did not appeal this

7

decision, nor did she seek judicial review of the denial of benefits within three years. Thus, her present action is time-barred because Plaintiff did not file her complaint until November 20, 2012, more than sixteen years after expiration of the three-year statute of limitations. *See id.*; *see also* Christian, 2010 U.S. Dist. LEXIS 110148, at *25-26.

Plaintiff points to an order entered May 17, 1999 by Judge Boyle in the case of *Knoll International, et al. v. Miller* as evidence that her claim is not time-barred. In that order, Judge Boyle found that Plaintiff's claims regarding the improper denial of long-term disability insurance benefits were alive and justiciable because Plaintiff had diligently pursued her claim shortly after the final denial of her claim for continuing disability benefits and because several of her claims related to allegedly ongoing wrongdoing. Order 5, May 17, 1999, No. 5:94-CV-312-BO, DE-35. As previously noted, however, the action before Judge Boyle involved Plaintiff's entitlement to long-term disability insurance benefits, not the disability pension benefits she seeks in the instant ERISA claim. And unlike her claim to long-term disability insurance benefits, there is no evidence in the instant case that Plaintiff diligently pursued her claim to disability retirement benefits after receiving the formal denial from Knoll in 1993. But even assuming overlap between the claims, the case before Judge Boyle settled and was dismissed with prejudice in 2000. Plaintiff did not renew her request for disability retirement benefits until January 8, 2008, when she sent a letter to Defendant. No evidence indicates that Plaintiff pursued her claim to disability retirement benefits between 2000, when she agreed through counsel to settle her case, and 2008, when she sent her demand letter to Defendant.

Even if the Court were to consider December 31, 2008, the date Defendant issued its formal denial of Plaintiff's claim, as the date this ERISA action accrued, Plaintiff is nevertheless time-barred, because she did not file her complaint by December 31, 2011, within the three-year

statute of limitations. Although Plaintiff attempted to proceed *in forma pauperis* in 2009, this Court determined that Plaintiff did not qualify for such status because she possessed sufficient resources to pursue her claim at that time. Plaintiff did not file her complaint, however, until November 20, 2012. As such, the claim is untimely and Defendant is entitled to judgment as a matter of law on Plaintiff's claim. For this reason, the undersigned RECOMMENDS the Court DENY Plaintiff's motion for summary judgment and GRANT Defendant's motion for summary judgment.

### B. Plaintiff Fails to Show Entitlement to Disability Retirement Benefit

Assuming *arguendo* that Plaintiff's claim is timely, she nonetheless fails to show that she is entitled to disability retirement benefits under the Knoll Pension Plan. In order to be eligible to receive disability retirement benefits under the Knoll Pension Plan, an employee must meet the following conditions: (1) "A Participant . . . has attained his 45th birthday and" (2) "has completed 10 years of service and" (3) "incurs a Total and Permanent Disability while an Employee." Knoll Pension Plan for Salaried Employees ¶ 4.3, Ex. 1 to Hägg Decl. ¶ 3, DE-17-4. Here, it is undisputed that Plaintiff was not yet forty-five years old when she became disabled and left her employment with Knoll. Thus, Plaintiff did not "attain[] [her] 45th birthday and . . . incur[] a Total and Permanent Disability while an Employee." *Id.* Because she does not meet all of the conditions necessary to qualify for disability retirement benefits under the Knoll Pension Plan, Plaintiff's claim is without merit and Defendant is entitled to judgment as a matter of law.

Plaintiff argues that the personal benefit statements issued by Knoll from 1980 to 1987 support her claim and that the Knoll Pension Plan was revised in 1985 to include the age restriction. However, the summary plan description, found in the employee handbook dated October 1979, contradicts this claim. The summary plan description issued by Knoll in its

9

employee handbook informed employees that that "your Plan includes a disability feature which makes retirement benefits available to employees who become totally disabled after having reached age 45 and after completing 10 years of service."  Summary Plan Description, Knoll Pension Plan 5, Ex. 13 to Hägg Decl. ¶ 15, DE-17-5.  The summary plan description mirrors the Knoll Pension Plan's requirement of reaching the age of forty-five before the onset of disability and indicates that the age restriction was in place well before the Knoll Pension Plan was amended in 1985.  In her sur-reply, Plaintiff asserts that the summary plan description was not produced in 1979, but instead was issued for the first time in 1984.  Pl.'s Sur-Reply 2, DE-24.  Yet Plaintiff proffers no evidence to create a genuine issue of material fact regarding the summary plan description, which is not only dated "10 79" and is supported by affidavit, but also contains language clearly indicating its effective date of January 1, 1978.  *See* Summary Plan Description, Knoll Pension Plan 3, Ex. 13 to Hägg Decl. ¶ 15, DE-17-5 ("The most recent amendments took effect on January 1, 1978"); *id.* at 6 ("Determining Your Retirement Benefit If You Were Employed Before January 1, 1978 . . . . It's very likely that you were a salaried employee at Knoll International before January 1, 1978.").  As Plaintiff provides no evidence to support her assertion that the age restriction was first issued in 1984, she fails to create a genuine issue of fact to withstand summary judgment.  *See* Thompson, 312 F.3d at 649 ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)).

Plaintiff's reliance upon the personal benefit statements issued by Knoll from 1980 to 1987 to establish her claim to disability retirement benefits is moreover misplaced.  The personal benefits statements only summarized Plaintiff's benefits and contained language plainly indicating their limited role of notifying—not establishing—Plaintiff's benefits.  For example,

10

the personal statements of benefits issued from 1980 until 1983 were entitled "Highlights of Your Employee Benefits At Knoll International, Inc." After 1983, the personal statements of benefits contained express disclaimers referring Plaintiff to the governing "formal plan texts." *See* Knoll 1987 Personal Statement of Benefits (cautioning that "a report such as this can only present **the highlights** of your program. In the case of any conflict or omission, **the formal plan texts** must prevail.").

While not explicitly argued, Plaintiff appears to suggest that the personal statements of benefits she received from Knoll were in fact summary plan descriptions for the Knoll Pension Plan and, as such, operate to bind the pension plan. This is clearly incorrect. The personal statements of benefits issued by Knoll do not contain the information required under ERISA to constitute summary plan descriptions. *See* ERISA § 102(b), 29 U.S.C. § 1022(b) (listing required information for summary plan descriptions). Instead, the October 1979 employee handbook contains this information, as well as language indicating its intended use as the summary plan description under ERISA. *See, e.g.*, Summary Plan Description, Knoll Pension Plan 13, Ex. 13 to Hägg Decl. ¶ 15, DE-17-5 (listing legal information required for purposes of ERISA).

Furthermore, to the extent the personal benefit statements conflict with the actual terms of the Knoll Pension Plan, the personal benefit statements cannot bind the pension plan as a matter of law. *See* CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1878 (2011) ("[W]e conclude that the summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan for purposes of [enforcement under ERISA]."). Because Plaintiff fails to show that she is entitled to receive disability retirement benefits under the Knoll Pension Plan, her claim cannot withstand

11

Defendant's motion for summary judgment. Accordingly, the undersigned RECOMMENDS the Court GRANT Defendant's motion for summary judgment and DENY Plaintiff's motion for summary judgment.

### C. Motion to Seal Exhibits, DE-18

By this motion, Defendant requests the Court replace with redactions and seal the exhibits submitted in support of the Declaration of Ray Hägg, filed as docket entries 17-4 and 17-5, on the grounds that the exhibits contain personal and financial information of the Plaintiff, as well as the confidential pension plan terms of CBS. The undersigned RECOMMENDS that the motion to seal be GRANTED.

### IV. CONCLUSION

Plaintiff's claims against Defendant are untimely. In addition, Plaintiff has failed to forecast sufficient evidence to support her claim of entitlement to disability retirement benefits under ERISA. Because no genuine issues of material fact exist regarding Plaintiff's claims against Defendant, the undersigned RECOMMENDS that Plaintiff's motion for summary judgment (DE-14) be DENIED and that Defendant's first cross-motion for summary judgment (DE-19) and motion to seal (DE-18) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, July 12, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE